**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RONALD SATISH EMRIT,
Plaintiff,
v.
WALTER GOGGINS et al.,
Defendants.

Case No.: 26-cv-04006-DMS-GC

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**

On July 13, 2026, Plaintiff Ronald Satish Emrit, proceeding *pro se*, filed this action against Defendants Walter Goggins and Walmart Advertising. (Compl., ECF No. 1 at 1).[1] Plaintiff seeks $500 billion in damages for defamation, public nuisance, industrial espionage, and tortious interference with business relations arising from Defendant Goggins' appearances in television advertising. (*Id.* at 1, 13–15). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion"), which is currently pending before the Court. (*IFP* Mot., ECF No. 2). For the following reasons, the Court grants Plaintiff's *IFP* Motion and *sua sponte* dismisses the Complaint without leave to amend.

[1] Although Plaintiff refers to Defendant as Walter Goggins, it is the Court's understanding that he refers to actor Walton Goggins. (*See* Compl. 1).

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). Plaintiff reports that he is disabled and unemployed, with his sole income being $1,036 per month in disability payments. (*Id.* at 1–2). Plaintiff states that he has $357.30 in a checking account and no other assets. (*Id.* at 2–3). Plaintiff itemizes monthly expenses totaling $790. (*Id.* at 4–5). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's *IFP* Motion.

## II. *SUA SPONTE* SCREENING

### A. Background

On July 13, 2026, Plaintiff, a recording artist living in Bowie, Maryland, brought this action alleging that Defendant Goggins is a "creepy and weird actor" whose appearances in Walmart and GoDaddy commercials "can be intimidating for African-Americans" because of his role in the film *Django Unchained*. (Compl. 1–2, 4). On this basis, Plaintiff asserts claims for defamation, public nuisance, industrial espionage, and

---

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

tortious interference with business relations. (*Id.* at 13–14). The remainder of the Complaint appears to be unrelated to the Defendants. Plaintiff recounts suspected identity-theft reported by Progressive Insurance, payments through Zelle, previous lawsuits against public figures, and many other topics. (*See, e.g.*, *id.* at 2–4). Although only Defendants Goggins and Walmart Advertising are listed in the case caption, the "Parties to This Litigation" section identifies different defendants including Sabrina Carpenter, The Grammys, Justice Ketanji Brown-Jackson, Lady Gaga, Vivendi Universal, Universal Music Group, Universal, General Electric, RCA, Comcast, the Recording Industry Association of America, and Cary Sherman. (*Id.* at 5). Plaintiff alleges that the Court has jurisdiction because under 28 U.S.C. § 1332, "the U.S. District Court for the District of New Jersey (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas." (*Id.*). Plaintiff additionally alleges that "the U.S. District Court for the District of Connecticut also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." (*Id.* at 6). Although Plaintiff seeks $500 billion, he simultaneously alleges that "[b]ecause the amount in controversy does not exceeds [sic] $75,000 (i.e. $0 is less than $75,000), this court does not have jurisdiction based on the amount in controversy." (*Id.* at 1, 6).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it

was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief. In doing so, the Court is mindful of its obligation to ensure it has subject-matter jurisdiction over this action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (finding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

Plaintiff has been described as a "serial pro se filer of frivolous lawsuits in federal courts" who has "filed over 500 lawsuits throughout the country." *Satish Dat Beast v. Carpenter*, No. CV 26-96-M-KLD, 2026 WL 2434678, at *2 (D. Mont. July 6, 2026); *Emrit v. Barkley*, No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023). Many

district courts have dismissed materially similar complaints as frivolous at screening and multiple districts have imposed pre-filing restrictions on him. *See Emrit v. Obama*, No. 1:26-CV-393 (BKS/PJE), 2026 WL 2210045, at *4 (N.D.N.Y. July 31, 2026). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those "that are fanciful, fantastic, and delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citation modified). Here, the Court finds that the Complaint falls into this category because it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Additionally, Plaintiff has not established subject-matter jurisdiction because no federal question appears on the face of the Complaint and Plaintiff's conflicting statements on the identities of the defendants and the amount in controversy do not establish diversity jurisdiction. (Compl. 1, 5–6, 13–14). Finally, the Court finds that the Complaint does not comport with Rule 8 where it does not "tie factual averments against specific parties to individual causes of action." *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's *IFP* Motion and *sua sponte* **DISMISSES** the Complaint. A court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation modified). However, dismissal without leave to amend is proper "when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990). Here, it is absolutely clear that any amendment cannot cure the identified deficiencies and would be frivolous. Accordingly, the Complaint is dismissed without leave to amend. The Clerk of Court is instructed to

close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge